Joseph Ginell, Respondent, *v.* The Prudential Insurance Company of America, Appellant.

Third Department, May 16, 1923.

Insurance — disability insurance — total and permanent disability — tuberculosis developing in an insured under sixty is permanent — " permanent " defined.

Under a policy of disability insurance which provides for sick benefit in case the insured suffers total and permanent disability, the insured, who became a victim of tuberculosis under the age of sixty, is entitled to receive payment on the basis of permanent disability.

The word " permanent " as used in the policy is applicable to a condition of disability which, while not transient, may, however, cease to exist in time.

Van Kirk and Hinman, JJ., dissent, with opinion.

Appeal by the defendant, The Prudential Insurance Company of America, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 10th day of November, 1922, upon the decision of the court rendered after a trial before the court without a jury at the Saratoga Trial Term.

*Edgar T. Brackett* [*Spencer B. Eddy* of counsel], for the appellant.

*Rowe & Walsh* [*A. F. Walsh* of counsel], for the respondent.

Hasbrouck, J.:

This is an appeal from a judgment of the Supreme Court of Saratoga county bringing up for review the interpretation of a policy of insurance against physical or mental disability.

The plaintiff, under the age of sixty and having paid the premiums required to place his policy in force, became a victim of tuberculosis and was thereby disabled, with a permanency intended to be covered by the policy. The insurer claims not.

The policy in suit provides that the insurer will waive payment of its premiums during permanent disability; that the insured shall furnish due proof that he continues in a state of disability, and if he fails to do so he will be deemed to have recovered from his state of disability, and that if he recovers from such state of disability no further premiums shall be waived and no further monthly payments be made.

In using such language the parties must have understood that the disability though permanent might not continue.

The inexorable inference to be drawn as to the meaning of " permanent " is that it is applicable to a condition of disability which while not transient or ephemeral still may pass away.

The sense in which the word "permanent" is used in the policy is that of its Latin derivation, *per* through *maneo*, to remain. The policy covers disease. One in which disability may remain through. Tuberculosis is just such a disease. It is difficult to say whether its arrest may be accomplished. It is a fixed disease, permanent in its nature and involving permanent or fixed incapacity in its victim to work for a prolonged period of time at best.

I recommend the affirmance of the judgment.

H. T. KELLOGG, Acting P. J., and KILEY, J., concur; VAN KIRK, J., dissents, with an opinion in which HINMAN, J., concurs.

VAN KIRK, J. (dissenting):

In my view the insurance policy should receive a construction other than that adopted by the trial court and approved in this court. The contract is a life insurance policy for $1,000, payable at the expiration of twenty years, or at the death of the insured within that period; if the death shall occur by accident $2,000 is payable. In addition to this moving cause for the policy, there are incidental, lesser provisions; if the insured suffers total and permanent disability, the premiums are waived during the disability and he receives $10 per month, the first monthly payment to be made six months after the company receives proof of such total permanent disability. The total premium is $12.13, payable quarterly. The policy specifies the proportion of this premium applicable to each of the liabilities in the policy and the extra quarterly payment added for the total and permanent disability benefit is eleven cents; forty-four cents per year.

The construction approved gives no natural meaning to the word "permanent." If the meaning approved be the true meaning the word "permanent" could as well have been omitted from the policy, or the word "temporary" substituted. Under the terms of the policy the premium is to be waived and the payment made if due proof to the company of the total permanent disability be made. The payment is not dependent upon actual total permanent disability, but on proof of such; and it is no uncommon experience that that is established by proof to be a fact which in truth was never a fact. The policy defines certain losses of members which shall conclusively establish permanent total disability, but leaves it open to proof that total permanent disability exists due to other inflictions or afflictions. The insured did not suffer a permanent total disability within the class defined as such. It must have been a matter of common understanding between the parties to such insurance policy that a condition which at the time appeared to cause total and permanent disability would often

improve; and it is very natural to provide in the contract that if that which appeared to be a total permanent disability did improve, the benefits should not be realized. The provision that the benefits should be realized during the continuance of the total disability only does not indicate to me that the parties contemplated that the word " permanent " was a synonym of " temporary," in light of the, to me, significant fact that the benefits are to be realized upon proof of total disability being furnished rather than upon actual total disability. The realization of the benefits is to begin six months after the proof is furnished. This is said to indicate that the total disability which continued for six months is to be considered permanent disability within the meaning of the policy. There is another view that can be taken of this. Inasmuch as the benefits are to be paid upon proof of disability there were six months allowed as days of grace to confirm the proof before any payments need be made.

The insurance company in this case refused to allow any of the benefits for total permanent disability on the ground that the proof did not show total permanent disability. If the word " permanent " in the policy has any natural meaning at all, there was no proof furnished of a total permanent disability. Each doctor said plaintiff would recover, and one of the physicians named the time about one year with accuracy; the other named a longer period than was required for recovery. One physician said plaintiff was not suffering from a total permanent disability; the other said he was, but stated the time within which he would probably recover. How can this evidence be held to furnish proof of total permanent disability, without which proof the benefits are not to be enjoyed? The physician's statement that plaintiff was suffering from a permanent disability is but his construction of the contract, not his opinion of plaintiff's condition.

There is a natural feeling that, after an insurance company has received its premium, it ought not to be allowed to avoid its responsibility and the just rule is that policies should be construed strictly against the company which has drafted its provisions. But to secure these benefits an additional premium of forty-four cents a year is paid. It certainly could not have been expected by the parties that the risk of liability under this clause was considerable; and, where the words used have a common and ordinary meaning, it seems to me the defendant is entitled to the benefit of that. The learned justice at the Trial Term cited a number of authorities and illustrations indicating that the word " permanent " does not always mean " forever " (119 Misc. Rep. 467); but he has cited none which indicate that the word " perma-

nent " sometimes means " temporary; " and in no case was the word " permanent " given a construction in conflict with its ordinary meaning in the connection used.

HINMAN, J., concurs.

Judgment affirmed, with costs.