GEORGE W. LUBOW, Plaintiff, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, etc., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 25, 1934.

*Benjamin Newman*, for the plaintiff.

*Solon Weit [Benjamin Paul Goldman of counsel]*, for the defendant.

GENUNG, J. Defendant issued a policy of life insurance to plaintiff in 1918. The policy contained a provision for payment of certain benefits to .plaintiff in the event that plaintiff suffered a *total and permanent disability*.

In June, 1931, plaintiff was taken sick from Greavis disease (commonly known as hyper-thyroidism). In August, 1932, plaintiff filed proofs with defendant in support of his claim that he was totally and permanently disabled, within the intendment of the policy.

On January 13, 1933, plaintiff submitted to a surgical operation for the aforesaid ailment. The operation was successful; however, due to a prolonged period of convalescence, plaintiff did not resume the practice of his vocation until December, 1933.

Plaintiff sues for disability benefits during the period of his illness, and for certain premiums paid during the period of the disability. Suit was commenced in or about January, 1934.

The question presented is whether an *apparent* permanent disability is, for the period of such incapacitation, compensable under a provision predicating payment of benefits only upon total and permanent disability, where the insured has recovered from the apparently permanent disability at the time of the suit. A second-

ary question is whether the defendant may take advantage of the cure, to escape liability for the period of apparent permanent disability, since the cure was effected by a surgical operation, voluntarily submitted to by plaintiff, who was under no contractual obligation to submit thereto, and since without the aid of surgery, there would probably be no abatement of what seemed to be a permanent incapacitation.

I deem *Ginell* v. *Prudential Insurance Co. of America* (237 N. Y. 554) decisive of the first question. There the plaintiff, apparently totally and permanently disabled, recovered from his malady. He sued for disability benefits for the period of temporary total disability. Holding that the policy did not cover such a situation, and that the insured was obviously not permanently disabled where, admittedly, he had been cured, the Court of Appeals reversed a recovery in behalf of the plaintiff. (205 App. Div. 494.)

The same conclusion would follow whether the cure resulted from natural recovery or through surgery. (See *Duhaime* v. *Prudential Insurance Co. of America*, 167 Atl. 269.)

True, plaintiff was under no obligation to attempt to relieve himself of his grievous condition by surgery. He was not bound to place his life in jeopardy for the financial advantage of the defendant. (*Finkelstein* v. *Metropolitan Life Insurance Co.*, 151 Misc. 113.*) If he rejected surgery as a means for relief, and thereby remained disabled, and the disability was found to be permanent, he might recover permanent disability benefits, notwithstanding his refusal to be operated upon. (*Finkelstein* v. *Metropolitan Life Ins. Co.*, *supra*.) It was for him to choose between a life of pain and enforced idleness, and the chance of rehabilitation through surgery. He courageously chose the latter course, and won back his health. Now that he is cured it would be a debasement of reason, however much his claim may excite sympathy, to say that he is permanently disabled.

The policy does not cover temporary disabilities, however grievous. The court must take the contract as it finds it. It cannot rewrite the policy, nor supply omissions to cover unspecified contingencies. Its duty may not end with a reading of the letter of the policy. It may, perhaps, read between the lines to ascertain the fair implications of the contract. Still it is " not at liberty to revise while professing to construe." (*Sun P. & P. Assn.* v. *Remington P. & P. Co.*, 235 N. Y. 338, 346.) Benevolent interpolation may not be substituted for interpretation. The notion of what would be a desirable result must yield to the result dictated by the contract of the parties. " While it is highly important that ambiguous clauses should not be permitted to serve as traps for

---

* Revd., 152 Misc. 439.

policyholders, it is equally important  *  *  *  that the provisions of insurance policies which are clearly and definitely set forth in appropriate language  *  *  *  should be maintained unimpaired by loose and ill-considered interpretations." (*Williams v. Union Cent. Life Ins. Co.*, 291 U. S. 170, 180; 78 L. Ed. 443, 449.)

Judgment for defendant. Decision filed.