WETHERALL *v.* EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES.

1. INSURANCE—TOTAL AND PERMANENT DISABILITY BENEFITS—PRESUMPTIONS—EVIDENCE.

In action to recover total and permanent disability benefits under an insurance policy, evidence *held*, to show that disability was not permanent where it ceased before insured brought action, although he had been totally disabled for period long enough to raise presumption of permanency under terms of policy.

2. SAME—"TOTAL"—"PERMANENT."

Under insurance policy providing for total and permanent disability benefits the term "total" implies a concept of completeness without regard to time while the term "permanent" implies a concept of time.

3. SAME—TOTAL AND PERMANENT DISABILITY BENEFITS—PRESUMPTIONS—PREMIUMS—SCOPE OF POLICY.

Insurance policy providing for disability benefits in case disability was both total and permanent, raising presumption of permanency as to disability existing three months, reserving right to insurer to require proofs of continuance of disability and requiring payment of but a small premium *held*, of limited scope and not to permit recovery of benefits for eight months' period in action by insured after disability had ceased to be total as both elements of the disability must coexist when compensation therefor is sought in order to render it compensable.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 15, 1935. (Docket No. 78, Calendar No. 38,590.) Decided December 10, 1935. Rehearing denied January 7, 1936.

Assumpsit by Douglas D. Wetherall against the Equitable Life Assurance Society of the United States, a New York corporation, for disability bene-

fits, under an insurance policy. Judgment for defendant. Plaintiff appeals. Affirmed.

*George B. Murphy,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

WIEST, J.   This action was brought to recover contract compensation for disability under the following provisions of an insurance policy:

"If the insured becomes wholly and permanently disabled before age 60 the society will waive subsequent premiums and pay to the insured a disability-annuity of $30 a month subject to the terms and conditions contained on the third page hereof. * * *

"Disability shall be deemed to be total when it is of such an extent that the insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months. * * *

"The society shall have the right at any time or times during the first two years after receipt of such proof of disability, but thereafter not more frequently than once a year, to require proof of the continuance of such total disability. If the insured shall fail to furnish satisfactory proof thereof, or if it appears at any time that the insured has become able to engage in any occupation or perform any work for compensation of financial value, no further premiums will be waived and no further disability-annuity payments will be made hereunder on account of such disability."

On April 1, 1930, when plaintiff was 30 years of age, he met with an accident in which he suffered a fractured pelvis and a rupture of the urinary bladder, followed by peritonitis. His condition was

critical and an operation was performed by opening the abdomen and sewing up an extensive tear in the bladder. He was in a hospital until May 23, 1930, then at his home and that of his parents until July, 1932, when he again entered a hospital and was operated on for hernia and adhesions of the intestines. After two weeks in the hospital he returned to the home of his parents and claims that he was totally disabled until June, 1933, except for three or four days at Christmas time, 1932, when he was employed as a temporary clerk handling broken mail matter at the Detroit post office.

March 23, 1933, he wrote defendant, stating the accident, injuries received, operation performed, subsequent operation, consequent disability from time of the accident on April 1, 1930, until six weeks after he left the hospital on July 23, 1932, following the second operation, and stating:

"In line with the terms of your policy on which the premium has been fully paid, please enter claim for eight months at $30 per month, $240, and as regards refund on premium per terms of contract, $67.11 in addition."

Defendant, by the following letter, declined to make the payment requested:

"We are very sorry to learn from your letter of March 23d, that you were disabled in 1930 and again for a period in 1932.

"We likewise regret that owing to the fact that this total disability is not present at this time, there does not appear to be proper basis to consider a disability claim.

"Under the terms of the disability clause in the policy, benefits are payable only in the event of a condition of total and permanent disability and total

disability is presumed to be permanent when it is present and has existed continuously for not less than three full months.

"However, since the condition of total disability is not present at this time, the presumption of permanency no longer arises.

"We are obliged, therefore, to decline your claim."

Thereupon plaintiff brought this action to recover the monthly compensation during the full period of his disability, and prosecutes this appeal from a judgment for defendant.

Having recovered from his total temporary disability, can disability be held total and permanent within the terms of the insurance contract?

That it was total for a period is manifest, but time has demonstrated that it was but temporary and not permanent.

It was aptly stated in *Mutual Life Ins. Co. of New York* v. *Wheatley*, 243 Ky. 69, 73 (47 S. W. [2d] 961):

"The term 'total' implies a concept of completeness without regard to time. * * * On the other hand, the term 'permanent' implies a concept of time."

In the case at bar was the term "permanent" employed in the contract to connote disability for life or for a period somewhat more than temporary?

In *Metropolitan Life Ins. Co.* v. *Blue*, 222 Ala. 665 (133 South. 707, 79 A. L. R. 852), it was said of a similar policy:

"Appellee (insured) conceives that because the policy provides for payments to begin within three months after total disability intervenes, and because the insurer reserves the right to call additional

proofs from time to time after accepting proofs of permanent total disability, the expression 'totally and permanently disabled' covers that disability for three months, or some other undefined period. Some authority for such construction is not lacking. But the great weight of authority is otherwise, and for good reason. 'Permanent' has a well-known obvious meaning; is in contradiction to 'temporary,' so used in legal enactments as well as contracts. The construction insisted upon would wipe out all distinction between 'temporary' and 'permanent' disability.

"So, the provisions mentioned are properly construed as affording a reasonable time to ascertain whether the disability is 'total and permanent,' and to keep open the question if after events disclose that it was not in fact permanent, but only reasonably appeared so to be."

Many authorities are cited in that opinion.

In *Brod* v. *Detroit Life Ins. Co.*, 253 Mich. 545, Mr. Justice FEAD, speaking for the court, said of the policy there involved:

"It is not a straight disability contract. It requires that the disability, to be compensable, shall be both total and permanent. Both elements must coexist. *Shipp* v. *Metropolitan Life Ins. Co.*, 146 Miss. 18 (111 South. 453). A temporary total disability, even for a year, followed by only partial disability, is not within the benefits. *Ginell* v. *Prudential Life Ins. Co.*, 237 N. Y. 554 (143 N. E. 740), reversing 205 App. Div. 494 (200 N. Y. Supp. 261)."

Our opinion in that case was cited and followed in *Job* v. *Equitable Life Ins. Co. of Iowa*, 133 Cal. App. (Supp.) 791 (22 Pac. [2d] 607).

In *Lewis* v. *Metropolitan Life Ins. Co.* (La. Ct. of App.), 142 South. 262, it was said:

"The word 'permanent' to the lay mind has a well-defined meaning. It is the antonym of 'tem-

porary,' and to give it the meaning contended for by plaintiff would be equivalent to deleting it entirely from the contract and substituting in its place the word 'temporary' which, no doubt designedly, was omitted therefrom. It would be an absurd construction of this contract to say that plaintiff was 'totally and permanently disabled' for 21 months.''

If total disability continues for three months it may become permanent but whether so or not depends upon future continuance, and to provide for proof thereof from time to time the contract provides for examinations.

Plaintiff's disability was total for many months but was neither total nor permanent when he sought compensation.

Counsel cites cases contrary to the views we have expressed but as has been said in other cases they are contrary to the weight of authority and also to the opinion of this court in *Brod* v. *Detroit Life Ins. Co., supra.*

The premium for this policy was slight and the contract was, therefore, of limited scope.

The judgment is affirmed, with costs to defendant.

POTTER, C. J., and NORTH, FEAD, BUTZEL, and BUSHNELL, JJ., concurred. EDWARD M. SHARPE, J., did not sit.

The late Justice NELSON SHARPE took no part in this decision.