## Prudential Ins. Co. of America v. Bond.
### (Decided Dec. 20, 1935.)

TYE, SILER, GILLIS & SILER for appellant.

POPE & UPTON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

This insurance company is asking for the reversal of appellee's $841.63 judgment against it.

This has been here before. See 257 Ky. 45, 77 S. W. (2d) 373, 376, and was reversed for the reason "that the court erred in failing to peremptorily instruct the jury to find for appellant on the evidence before it * * * from which only the one legitimate inference could be drawn that plaintiff was neither totally nor permanently disabled." Reading that opinion will give a better understanding of this one.

After return of the case to the trial court, Mr. Bond amended his petition and asserted a claim for what he calls "a total and permanent disability" that he stipulates continued for only ten months and three days, and upon that he was awarded the judgment before us.

This judgment is erroneous, for by the terms of the contract sued on appellant only agreed to pay him

in the event he "shall become totally and permanently disabled * * * to such an extent that he * * * is rendered wholly, continuously and permanently unable to perform any work . * * * during the remainder of his lifetime." To be entitled to recover, Mr. Bond. must show he is both totally and permanently disabled. The moment he admitted his disability lasted for ten. months and three days only he admitted himself out of court. Termination and permanency are incompatible.

The $2,000 to be paid on this policy was to be paid in twenty-four monthly sums of $83.33 each, and these were to cease if Mr. Bond's disability should prove to be temporary. Thus, had the insurer been convinced Mr. Bond was permanently disabled and begun paying him, it could have ceased when his disability came to an end, but there is no provision in the contract by which he can compel it to begin paying him until he proves he is both totally and permanently disabled.

The appellee makes this contention in its brief:

"This record is not in such shape as that this court. will review the action of the Chancellor who tried the common law action without a jury. The trial judge himself made no separate finding of facts. and of law either in the judgment itself or by any separate opinion of his."

The parties had filed, and there was considered on the trial, a stipulation containing this:

"That the issue for determination on the retrial is, under the opinion of the Court of Appeals in this case, dated December 21, 1934, and under the foregoing stipulation of facts, whether or not plaintiff is entitled to total and permanent disability benefits under said insurance contract for the period of ten months and three days hereinabove mentioned."

Since the parties had agreed on the facts, there was nothing left but a question of law, so there was no separation for the judge to make. His only finding was a finding of law.

The trial court will set aside its judgment and dismiss the petition.

Judgment reversed.

The whole court sitting.