Jacob Finkelstein and Harris Lichtman, Appellants, *v.* The Equitable Life Assurance Society of the United States, Respondent.

Second Department, April 3, 1939.

*Alfred L. Weiss*, for the appellants.

*James D. Ewing* [*William G. H. Acheson* with him on the brief], for the respondent.

JOHNSTON, J. The action is brought by the insured and his assignee to recover disability benefits on five life insurance policies, No. 2,384,000, No. 2,287,657, No. 3,468,702, No. 3,404,152, and No. 3,737,225, for the period from July 12, 1937, to June 11, 1938, and on one health insurance policy, No. HY 41,106, for the period from June 5, 1937, to June 22, 1938. The first two life policies, hereafter referred to as group one, grant disability benefits in the event the insured becomes totally and *presumably* permanently disabled; and permanent disability is thereafter defined in the policies as a total disability which continues for a period of sixty days. The health policy grants disability benefits in the event the insured becomes wholly and continuously disabled. The remaining three life policies (No. 3,468,702, No. 3,404,152 and No. 3,737,225), hereafter referred to as group two, grant disability benefits in the event the insured becomes totally and permanently disabled (the word " presumably " being omitted); and permanent disability is thereafter defined in the policies as a total disability which continues for a period of three months.

In a prior action brought by the insured against this defendant in the Municipal Court on still another life insurance policy, No. 8,123,752, the insured obtained judgment for disability benefits for the period from July 12, 1937, to June 11, 1938, a period for which recovery is sought in this action. Under the policy in the prior action the insured was granted disability benefits in the event he became totally and *presumably* permanently disabled; and permanent disability is thereafter defined in that policy as a total disability which continues for a period of four months. That action was tried on June 22, 1938; and although defendant interposed an

answer, it failed to appear at the trial. The insured proved that he had been totally and permanently disabled since April 18, 1935.

Analysis of the disability provisions in all the policies shows that the disability provisions in the group one policies are substantially the same as the disability provisions in the policy on which judgment was obtained in the prior action for the period from July 12, 1937, to June 11, 1938. The issues tendered and determined in that action are the same as the issues tendered in this action upon the group one policies. As to the group two policies, their disability provisions are, in legal effect, substantially different. Their coverage is expressly restricted to permanent disability as distinguished from presumably permanent disability. There is a definite legal distinction between these two types of coverage. (*Ginell* v. *Prudential Ins. Co.*, 237 N. Y. 554, revg. 205 App. Div. 494, on dissenting opinion of VAN KIRK, J.; *Lubow* v. *Prudential Insurance Co.*, 152 Misc. 62; *Mackenzie* v. *Equitable Life Assurance Society*, 139 id. 288; *Wetherall* v. *Equitable Life Assur. Soc.*, 273 Mich. 580; 263 N. W. 745; *Triplett* v. *Equitable Life Assur. Soc.*, 117 W. Va. 537; 186 S. E. 124; *Kurth* v. *Continental Life Ins. Co.*, 211 Iowa, 736; 234 N. W. 201; *Graham* v. *Equitable Life Assur. Soc.*, 221 Iowa, 748; 266 N. W. 820; *Mitchell* v. *Equitable Life Assur. Soc.*, 205 N. C. 725; 172 S. E. 497; S. C., 205 N. C. 721; 172 S. E. 495.)

Where a policy provides for total and *presumably* permanent disability and then defines permanent disability as one continuing for a specified period, the insured in order to recover need prove at the trial only that his disability was total and continued for the specified period. The presumption of permanency then becomes conclusive and irrebuttable as far as the insured's right to recover is concerned. On the other hand, where the policy provides for total and permanent disability and then defines the permanent disability as one continuing for a specified period, the insured, in order to recover, must prove at the trial that the disability as of the date of the trial is, in fact, both total and permanent; and while under the definition of permanency contained in the policy he obtains the benefit of the presumption of permanency if the disability has continued for the specified time, nevertheless this presumption may be rebutted and, if it is rebutted, then the insured has the burden of going forward with proof to show that his disability is, in fact, both total and permanent. In other words, in the first case the insured establishes his cause of action conclusively by showing that his disability was total and that it continued for the presumed period stated in the policy, and his subsequent recovery is immaterial; whereas in the second case the insured establishes his cause of action only *prima facie* by showing the

continuance of his total disability for the presumed period stated in the policy.

Therefore, in the prior action all that the insured was required to establish was total and *presumably* permanent disability. That he clearly did. Of course, anything more than that which the insured may have proved was not within the issues in that action and, hence, the judgment as to such extraneous matters is not *res judicata*.

Under the health policy (No. HY 41,106) the insured is required to prove merely " total and continuous " disability and not total and " permanent " or " presumably permanent " disability. But a disability which has been shown to be total and presumably permanent for a specified period is total and continuous for that period. In the nature of things it is impossible for any disability to be either " presumably permanent " or " permanent " unless the proof shows that it has been continuous, at least for the period for which disability benefits are sought. Both " presumably permanent " and " permanent " necessarily comprehend continuity of the disability for the period involved, irrespective of any other differences which may exist between the two terms. Hence, the continuity of the insured's disability was clearly within the issues tendered and decided in the prior action; and the testimony taken at the trial in that action leaves no doubt that for the period claimed the insured's disability was in fact continuous.

However, the judgment in the prior action may be deemed *res judicata* only for the period claimed and adjudicated in that action, namely, from July 12, 1937, to June 11, 1938, and not to the date of trial. In *Livert* v. *Travelers Ins. Co.* (246 App. Div. 762) the judgment was held *res judicata* of the disability as of the date of trial because that issue was litigated and was expressly submitted to and decided by the jury. Here, in the prior action the insured, at the outset of the trial, amended his complaint and definitely limited his claim to the period from July 12, 1937, to June 11, 1938.

The failure of the insured to submit to an additional physical examination on June 8, 1938, is no defense to either of the six policies in suit. The life policies give defendant the right to require " proof " from the insured of the continuance of the disability after it has received due proof of the disability *or* has accepted such proof. The health policy gives defendant the right to require the insured to submit to a further examination only during the pendency of a claim thereunder. The obvious purpose of these provisions is to permit defendant to determine whether it should continue disability benefits either after it has accepted a claim

or while a claim is pending unrejected. These provisions give defendant no right to a physical examination after it has rejected the claim. Moreover, the life policies give defendant only the right to demand "proof" of the continuance of the disability. This does not necessarily contemplate the insured's submission to a physical examination at the will of defendant.

The order denying plaintiffs' motion for summary judgment under rule 113, and for partial summary judgment under rule 114 of the Rules of Civil Practice, should be modified by granting plaintiffs' motion for partial summary judgment only on the causes of action relating to the group one policies (No. 2,384,000 and No. 2,287,657) and to the health policy, No. HY 41,106, and only for the period from July 12, 1937, to June 11, 1938, inclusive; and, as thus modified, the order should be affirmed, with ten dollars costs and disbursements to appellants.

HAGARTY, CARSWELL and TAYLOR, JJ., concur; CLOSE, J., concurs in the result.

Order denying plaintiffs' motion for summary judgment under rule 113, and for partial summary judgment under rule 114, Rules of Civil Practice, modified by granting plaintiffs' motion for partial summary judgment only on the causes of action relating to the group one policies (No. 2,384,000 and No. 2,287,657), and to the health policy, No. HY 41,106, and only for the period from July 12, 1937, to June 11, 1938, inclusive, and, as thus modified, the order is affirmed, with ten dollars costs and disbursements to appellants. Settle order on notice.