Thomas B. Papas, Respondent, *v.* Equitable Life Assurance Society of the United States, Appellant. (Action No. 1.)

Second Department, November 16, 1942.

*Paul L. Bleakley* for appellant.

*Harold T. Garrity* for respondent.

Hagarty, J. Two policies of insurance, one issued on the 17th day of May, 1926, and the other on the 17th day of July, 1926, contain disability provisions for payment by defendant to plaintiff of $100 monthly and for waiver of premiums "upon receipt of due proof  *  *  *  that the Insured became totally and permanently disabled by bodily injury or disease  *  *  *." Disability " shall be deemed to be Total when it is of such an extent that the Insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such Total Disability shall be presumed to be Permanent when it is present and has existed continuously for not less than three months;  *  *  *."

In the latter part of the year 1936, plaintiff ascertained that he was suffering from diabetes and, upon his application, received from defendant the stipulated monthly payments from January, 1937, to October, 1940, inclusive. Defendant thereupon notified plaintiff that it would pay no further instalments and would waive no further premiums. In this action, commenced

on October 20, 1941, plaintiff seeks recovery of the payments pursuant to both policies for the months of November, 1940, to September, 1941, inclusive, and of the annual premiums paid under protest in 1941.

Plaintiff at all times has refused to avail himself of insulin therapy. Defendant contends that this refusal precludes recovery. The insured argues that he is entitled to the payments if he is in fact totally and permanently disabled, despite any benefit which might be derived from insulin, as the policies do not require him to submit to any medical treatment as a prerequisite to recovery. The learned trial justice charged that, while the insured was "bound to take proper care of himself" and "was not entitled to retire and let the trouble take its own course, and then claim total disability," he was under no obligation to "disregard the course of treatment prescribed by his own doctor, and adopt that of anyone else, * * *." The rule enunciated by the court, was "that where an insured has acted as a reasonable and prudent man in his position would act, in following the advice of his physician, the fact that the assured has not used other known methods of treatment for his particular condition, is no bar to recovery."

The charge of the trial court would have been proper if the obligation of the insured had been the general requirement that he mitigate damages. (*Blate* v. *Third Avenue R. R. Co.*, 44 App. Div. 163, 167.) It was inappropriate in this case, however, for if liability was cast upon the defendant at all, it was in a stipulated amount. To recover, it was incumbent upon plaintiff to prove that his total disability was permanent. The word "permanent," as used in the policies, cannot be regarded as the equivalent of the word "temporary." (*Ginell* v. *Prudential Ins. Co.*, 237 N. Y. 554, reversing on dissenting opinion below, 205 App. Div. 494.) Its measure is the lifetime of the insured. (*Finkelstein* v. *Equitable Life Assurance Society*, 256 App. Div. 593; affd., 281 N. Y. 690.) A total disability is not permanent if, during the period for which recovery is sought, or at any time thereafter, the insured may alleviate or control it by availing himself of a standard form of treatment, not inherently dangerous. Refusal so to charge was error. If such treatment would have proved efficacious, or if it could have been so determined with reasonable certainty, it is immaterial that neglect or refusal of the insured to adopt it was based on the advice of a physician. The question is not what the reasonable and prudent man would do, but whether the disability is permanent.

A question of fact in this respect was presented. According to the plaintiff's doctor, the diabetic condition had become progressively worse since its inception, despite observance of a diet and moderate exercise. In the early stages of the disease, the doctor had suggested insulin therapy to the insured, but he refused such treatment because of an aversion to it. The doctor was of opinion that injections of insulin thereafter would have done more harm than good because of the mental state of his patient. We cannot say, therefore, that there is no evidence that insulin would not have alleviated the disability (*Bernstein* v. *Greenfield*, 281 N. Y. 77), opposing the proof adduced by defendant that insulin, supplemented by diet, would have done so.

The exclusion of moving pictures of the plaintiff on the ground that they were taken after the period for which recovery is sought, was erroneous. The proof was material as to the permanency of the disability.

The judgment should be reversed on the law and a new trial ordered, with costs to abide the event.

CARSWELL, JOHNSTON and TAYLOR, JJ., concur; LAZANSKY, P. J., concurs in the result.

Judgment of the City Court of Yonkers reversed on the law and new trial ordered, with costs to abide the event.