JOHN G. LOWE *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and CORNELL, Js.

Argued February 2—decided April 26, 1949.

*Donald E. Cobey,* for the appellant (defendant).

*John E. McNerney,* with whom, on the brief, was *Francis J. Moran,* for the appellee (plaintiff).

ELLS, J.   The defendant has appealed from a judgment awarding benefits to the plaintiff under a disability clause contained in a life insurance policy.

The parties filed a stipulation as to the facts. The policy was issued in 1921 and was in full force and effect at the time the present action was commenced. It contains a "Total and Permanent Disability Benefit Provision" to the effect that if the assured before reaching the age of sixty years "shall become wholly and permanently disabled by bodily injury or disease sustained or contracted after the date hereof, so that thereby he will be wholly, continuously and permanently prevented from the pursuit of any form of mental or manual labor for compensation, gain or profit whatsoever . . . the Company will upon receipt of due proof of such disability" pay a specified percentage of the face amount of the policy "monthly thereafter during the continuance of the disability, until the maturity of the policy."   A subsequent para-

graph provides as follows: "5. Proof of Continued Disability. —The Company shall have the right to require at any time, but not oftener than once a year, due proof of the continuance of the disability. If the Insured shall fail to furnish such proof when required to do so, or shall so far recover as to be able to perform work of any kind for compensation, gain or profit, the disability benefits will be discontinued." Total and irrevocable loss of the use of certain parts of the body is specifically recognized as compensable disability.

The plaintiff, while under sixty years of age, became totally disabled within the meaning of the policy on July 1, 1945. The cause of the disability was a nervous breakdown. The disability continued until May 1, 1946, when it terminated. During this period the plaintiff's physicians did not believe that he would so far recover as to be able to perform work of any kind for compensation, gain or profit. Under their advice he spent considerable time during the period in a sanitarium at Greenwich and a hospital in Providence. He recovered, however, for on May 1, 1946, he returned to work in a limited capacity, and in August, 1946, he resumed his regular duties. On April 11, 1947, he filed with the defendant, in the form required by the policy, proof of his claim for total and permanent disability. Payment of the claim was refused and he brought this action in October, 1947, to recover benefits from July 1, 1945, to May 1, 1946.

There is no case in this state construing policy provisions similar to those quoted above or defining the meaning of the word "permanent" as used in such a policy. The authorities in other jurisdictions are not harmonious. Notes, 40 A. L. R. 1386, 97 A. L. R. 126; 7 Couch, Insurance, § 1672. Courts which hold an insured entitled to recover in such a situation as the one before us seem to have lost sight of the distinction be-

tween the proof required where a claim is made during the disability and the actual fact of the nature of the disability as established by his recovery. As regards the former, the Pennsylvania court has stated the principle: ". . . if the insured had to establish the fact of permanency of disability to a degree of absolute certainty, no benefits would be recoverable until his death had furnished the only indubitable proof. Such a requirement would defeat the very object of the insurance. . . . Recognizing this fact, the courts have uniformly held that it is necessary for the insured to prove only that he is suffering from a disability which is reasonably *likely* to endure for the remainder of his life." *Pearlman* v. *Metropolitan Life Ins. Co.*, 336 Pa. 444, 450, 9 A. 2d 432. The case goes on to hold that, if the defendant could establish that the plaintiff had recovered at the time suit was instituted, his disability was not permanent.

The provision in the present policy concerning periodical proof of continuing disability and the cessation of payments in the event of recovery necessarily implies that a presumably permanent disability might terminate. It recognizes the inherent impossibility in many cases of absolutely establishing the permanency of the disability and does not concern the nature of that disability. The weight of authority is that disability cannot be considered permanent when the proof is to the effect that it has already terminated. The insured no longer can be given the benefit of the doubt as to permanency, for the reality is established. He has recovered. The disability was not a permanent one, however much it may have seemed so originally. A disability ended before proof of it is made could not have been a permanent one. That was the situation in this case.

This is not an accident and health policy designed

to give relief to the insured during temporary periods in which he may be incapacitated from working but is intended to provide protection only in case of the more grievous condition of permanent disability.

It is not unjust that if a suit on a policy came to trial while the insured was still disabled he might obtain disability payments by proving a then existing likelihood of permanency, whereas if trial were not had until after the disability had ceased he could not prevail. This would result only because the truth became better ascertainable at the later period; a judgment at an earlier trial would have been upon the basis of an alleged fact then apparently true, although subsequently found to be untrue. *Pearlman* v. *Metropolitan Life Ins. Co.,* supra, 452.

The provision whereby the defendant agrees, after receipt of due proof of total and permanent disability, to pay a specified sum "monthly thereafter during the continuance of the disability, until the maturity of the policy," is not inconsistent with the denial of liability in this case. In conjunction with the provision that the payments shall cease upon recovery of the insured, it merely shows that the parties contemplated situations where payments might be made for limited periods and then discontinued.

The facts are not fully stated in *Ginell* v. *Prudential Ins. Co.,* 237 N. Y. 554, 143 N. E. 740, where the Court of Appeals unanimously reversed the decision of the Appellate Division in 205 App. Div. 494, 200 N. Y. S. 261, upon the dissenting opinion therein, but enough appears to show that the case directly supports the conclusion we reach. It was so interpreted in *Lubow* v. *Prudential Ins. Co.,* 152 Misc. 62, 272 N. Y. S. 663, and has elsewhere been cited to the same effect. It is the leading case on the subject. Well-reasoned cases which are nearest in fact to the one before us are:

*Pearlman* v. *Metropolitan Life Ins. Co.*, supra; *Reed* v. *New York Life Ins. Co.*, 131 Neb. 330, 268 N. W. 290; *Hawkins* v. *John Hancock Mutual Life Ins. Co.*, 205 Iowa 760, 218 N. W. 313; *Grenon* v. *Metropolitan Life Ins. Co.*, 52 R. I. 453, 161 A. 229; *Wetherall* v. *Equitable Life Assurance Society*, 273 Mich. 580, 263 N. W. 745; *Prudential Ins. Co.* v. *Bond*, 261 Ky. 808, 88 S. W. 2d 988; *Job* v. *Equitable Life Ins. Co.*, 133 Cal. App. 791, 22 P. 2d 607; *Steffan* v. *Bankers Life Co.*, 267 Ill. App. 248.

For the reasons already stated and upon the authorities cited, we decide that the plaintiff failed to prove that he was wholly and permanently disabled within the meaning of the policy.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.