VAILSBURG MOTOR CORPORATION, APPELLANT, v. FIDELITY AND CASUALTY COMPANY OF NEW YORK, RESPONDENT.

Argued October 25, 1932—Decided January 31, 1933.

For the appellant, *Harry T. Davimos*.

For the respondent, *Raymond Dawson* (*Edwin F. Smith*, on the brief).

The opinion of the court was delivered by

PARKER, J. The suit is on a policy of burglary insurance, to recover loss sustained by burglarious opening of a safe. The trial judge directed a verdict for the defendant. The proof indicated without substantial dispute that the combination of the main or outer door had been manipulated, as there were no marks of any kind to show violence. On opening the outer door, the burglars encountered an inner door made of a thin sheet of metal, and locked by a cylinder lock operated by a key. This lock they destroyed by driving it in with a hammer or other tools, and thereby gained access to a sum of money within, which of course was taken.

The pertinent provisions of the policy are indemnity paragraph I, and paragraph F, entitled "Exclusions."

Paragraph I is as follows:

"For loss by burglary, of any such property from within that part of any safe or vault to which the insurance under this policy applies, occasioned by any person or persons making felonious entry into such safe or vault by actual force and violence, of which force and violence there shall be visible marks made upon such safe or vault by tools, explosives, electricity, gas or other chemicals, while such safe or vault is duly closed, and locked by at least one combination or time lock, and located in the assured's premises as hereinafter defined, or while located elsewhere after removal therefrom by burglars."

Paragraph F, so far as pertinent, reads: "The company shall not be liable for loss or damage: * * * (6) Effected by opening the door of any vault, safe or chest by the use of a key or by the manipulation of any lock. * * *"

The trial judge held that if only paragraph I were to be considered, force and violence to any part of the safe (resulting in entry thereinto) would have been sufficient: but that Exclusion F-6 barred the plaintiff of recovery, as the door of the safe had been opened without force or violence.

We concur in his view touching the construction of paragraph I, but with respect to Exclusion F-6 we think that he overlooked the proper significance of the words "loss or damage *effected* by opening," &c.

The verb "effect" is thus defined in Webster's International Dictionary:

1. To produce: to do: to make.

2. To bring to pass: to execute: enforce: accomplish.

Now all that was "effected" by opening the outer door by the combination was that access was gained to the locked inner door; and the loss or damage was not "effected" until the lock of the inner door had been broken.

Construing the policy strictly against the insurer, according to the accepted rule, we think that the facts proved did not bring the case within the terms of Exclusion F-6, and there was consequently error in directing a verdict, requiring a reversal and a *venire de novo*.

*For affirmance*—THE CHANCELLOR, CASE, KAYS, HETFIELD, WELLS, JJ. 5.