BENE CLOTT, PLAINTIFF-RESPONDENT, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, A BODY CORPORATE, DEFENDANT-APPELLANT.

Argued May 2, 1934—Decided November 10, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Perkins, Drewen & Nugent.*

For the respondent, *George G. Tennant.*

The opinion of the court was delivered by

HEHER, J.   The sole question raised by this appeal is the construction of the following disability benefit provision incorporated in a policy of life insurance issued by appellant to respondent:

"If due proof of total and permanent disability has not been previously furnished, and if the insured shall furnish due proof that he has been *totally* disabled  *  *  *  to such an extent that he was rendered *wholly* and *continuously*

unable to engage in any occupation or perform any work for any kind of compensation of financial value *during a period of ninety consecutive days,* * * * such disability shall be *presumed to be permanent,* and the company *will upon receipt of such proof grant the disability benefits provided,* subject to all other provisions of said clause, including those relating to *proof of continuance of disability.*

"Any disability benefits granted (hereunder) * * * will be granted from the *commencement* of *total and permanent* disability *as defined,* any other provisions in said clause to the contrary notwithstanding."

A subsequent clause imposes upon the insured the obligation, upon demand by the insurer, "at any time during such disability, and before the company's liability hereunder *has ceased,*" to "furnish due proof that he (or she) actually continues in a state of disability, *as defined above,*" in default of which the insured "shall be deemed to have *recovered from such state of disability,*" and, in that event, "no further premiums shall be waived, and no *further* monthly payments shall be made."

It is stipulated that the insured "was totally disabled from performing any work for compensation of financial value for a period of more than ninety days in the year 1931;" and that "proof of alleged total disability has been furnished to the defendant by the plaintiff." It is conceded that this disability terminated in April, 1931, and the insistence of appellant is that, the disability having ended before the commencement of this suit (the action was commenced on October 26th, 1932), there is no cause of action under the policy. It is maintained that the disability must be existent when the suit is commenced, and that "there was no intention to presume a disability to be permanent when by the proof offered by the plaintiff the disability had already ceased to exist."

But such a construction does violence to the letter and spirit of the contract. The cardinal rule, in the interpretation of contracts, is to ascertain and give effect to the common intention of the parties, so far as it may be effectuated without infringing legal principles. The standard of inter-

pretation of an integrated agreement is the meaning that would be attached to the integration by a reasonably intelligent person acquainted with all operative usages and knowing all the circumstances prior to and contemporaneous with the making of the writing, other than oral statements by the parties of what they intended it to mean, except where it produces an ambiguous result, or is excluded by rule of law establishing a definite meaning. This is termed a primary rule of interpretation which is always applicable, whether the writing seems clear or ambiguous. The ascertainment of the expressed intention of the parties is the prime object of the interpretation of all written contracts. *Corn Exchange Bank* v. *Taubel,* 113 *N. J. L.* 605.

It is clear that, in the absence of "due proof of total and *permanent* disability," proof of *continuous total disablement,* for a period of ninety consecutive days, suffices to entitle the insured to disability benefits from the commencement of that period. That is the equivalent, during the period of continuous total disability, of permanency within the intendment of the policy provisions. Continuous total disability for the designated period raises the presumption of permanency, within the meaning of the clause granting disability benefits, and, upon receipt of proof thereof, the insurer becomes obligated to make payment of the stipulated benefits until this state of continuous total disability shall have terminated. In event of the failure of the insured, upon the demand of the insurer, to submit proof that he continues in a state of disability, *as therein defined,* he shall be deemed to have recovered from "such state of disability," and the insurer shall then be absolved from the obligation of making *"further* monthly payments."

Apparent permanent disability, inferred from a state of continuous total disability for the time prescribed, furnishes the basis of liability for such benefits. The liability continues until the termination of the condition which, by the express terms of the contract, gives rise to this inference. Continuous total disability for this period confers upon the insured the absolute and indefeasible right to benefits from the beginning of the period until such period of total disability shall

have ended. If and when that time arrives, the insurer is absolved from the obligation to pay, not disability benefits which had accrued, but merely *"further* monthly payments." This is patently the sense of the language employed. The object of this clause was to make immediately available to the insured, after the expiration of the prescribed period of total continuous disability, monthly benefits during the period of seeming permanent disability. The sole determinative of this condition is total disability during the mentioned period. The right to benefits, by the express provision of the policy, becomes fixed and absolute at the termination of that period.

If the construction suggested by appellant were adopted, the insured would have, at the expiration of the contract period, merely an apparent right to benefits which would be defeated by proof of a complete recovery at some subsequent time. In other words, there would be, as to the whole period of disability, a mere rebuttable presumption of permanency. But this is clearly not the sense of the words used. The right to benefits would, in that event, be a mere defeasible one. If it were later disclosed, no matter when, that the condition was impermanent, the right of action would be defeated. No such purpose is expressed in the contract, or is fairly to be implied from the language used.

But if there be doubt as to the sense in which the parties employed the language in question, and it is fairly susceptible of two interpretations, the one more favorable to the insured will be adopted. A secondary rule of construction, in aid of the application of the foregoing standard of interpretation, is that, where words or other manifestations of intention bear more than one reasonable meaning, an interpretation is adopted which operates more strongly against the party from whom they proceed, unless their use by him is prescribed by law. *Rockmiss* v. *New Jersey Manufacturers' Association Fire Insurance Co.*, 112 *N. J. L.* 136; 169 *Atl. Rep.* 663; *Vailsburg Motor Corp.* v. *Fidelity and Casualty Co.*, 110 *N. J. L.* 209; 1 *Contracts A. L. I.*, § 236. It results that the court below correctly interpreted the contract.

Judgment affirmed, with costs.