## Meyers v. Metropolitan Life Insurance Co.

*Samuel A. Weiss*, for plaintiff.

*Dale C. Jennings*, for defendant.

PATTERSON, J., March 3, 1936.—Plaintiff on September 26, 1924, took out a policy of life insurance in the sum of $5,000 with defendant company. As a supplemental contract, there was attached a clause relative to total and permanent disability, in part as follows:

"Metropolitan Life Insurance company . . . hereby agrees, that upon receipt by the company at its home office in the city of New York of due proof, on forms which will be furnished by the company, on request that the insured has, while said policy and this supplementary contract are in full force and prior to the anniversary date of said policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability

has already continued uninterruptedly for a period of at least three months, it will, during the continuance of such disability,

"1. Waive the payment of each premium falling due under said policy, and this supplementary contract, and

"2. Pay to the insured, or a person designated by him for the purpose, or if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record under said policy, a monthly income of $10 for each $1,000 of insurance, or of commuted value of instalments if any, under said policy.

"Such waiver shall begin as of the anniversary of said policy next succeeding the date of the commencement of such disability, and such payments shall begin as of the date of the commencement of such disability, provided, however, that in no case shall such waiver begin as of any such anniversary occurring, nor shall such payments begin as of a date, more than six months prior to the date of receipt of the required proof."

It also provided:

"Notwithstanding that proof of disability may have been accepted by the company as satisfactory the insured shall, at any time on demand, from the company furnish due proof of the continuance of such disability, but after such disability shall have continued for two full years the company will not demand such proof more often than once in each subsequent year."

Plaintiff became ill late in April 1930. His physician advised rest, but plaintiff persisted in working and had a complete breakdown on June 20, 1930. He was confined to his bed for about eight days and continued under medical treatment and without doing any work for a considerable period. He went to Atlantic City for rest, remaining until July 12, 1930. He came home and was continuously under the doctor's care until October 6, 1930. He went to Battle Creek sanitarium and to the Brooklyn Naval Hospital and spent some time with relatives in Maryland. His illness

was diagnosed as a nerve exhaustion coupled with myocarditis and at one time the heart condition became so acute as to raise an apprehension of immediately impending death. He continued to pay the premiums on his policy and claimed to have executed a claim for disability benefits in October 1930, but the evidence to that effect was far from conclusive. He did later, at a time fixed by the jury as August 28, 1931, file proofs of claim for total permanent disability. After November 1, 1932, his condition improved.

His total disability admittedly ceased, and in September 1933 plaintiff brought this suit, claiming to be entitled to benefits up to November 1, 1932. The fifth paragraph of his statement of claim avers that in the latter part of June 1930 plaintiff became physically incapacitated to the extent that he was for a long period of time wholly, totally and permanently unable to engage in any occupation or perform work for profit. The sixth paragraph avers that the total and permanent disability terminated on November 1, 1932. The trial judge submitted the case to the jury, which awarded plaintiff $1,454.15, and its manner of arriving at this sum is intelligently defined by its first verdict which, however, failed to state the amount and was, at the direction of the trial judge, sent back to be reformed. It found a total permanent disability as of June 20, 1930, but that plaintiff failed to submit proof thereof until August 28, 1931, and, in addition to the disability, found in favor of plaintiff for premiums paid, which, under the terms of the policy, should have been waived during the period of total and permanent disability. Defendant has filed a motion for judgment n. o. v., which is now before us.

We are of opinion that defendant's motion must be sustained. The controlling factor in such disposition is the anomalous position in which plaintiff is placed by his pleading. The right to recover in this case, under the terms of the policy, rests upon the condition that the insured has become totally and permanently disabled. Neces-

sarily, therefore, the insured must so plead. Plaintiff's fifth paragraph of the statement of claim contains the required averment. But the next paragraph of the statement discloses there was no permanent disability and that plaintiff had recovered from what he avers to have been a permanent disability more than 10 months before the suit was brought. In a suit on such a policy as this it will not suffice to plead a total disability that is not permanent or a permanent disability that is not total. Both conditions must concur if a cause of action is to be stated. It is readily conceivable that a disability might appear to be permanent from which the insured subsequently recovers. This the policy in suit contemplates, and when a period of total disability has continued uninterruptedly for at least three months the insured may file a claim and receive the disability payments. The company, however, may make subsequent examinations and, should it appear that the permanent nature of the disability is apparent rather than real and that there is a partial recovery, the company may discontinue its payments. This is the doctrine followed in Losnecki v. Mutual Life Ins. Co. of N. Y., 106 Pa. Superior Ct. 259, and Janney v. Scranton Life Ins. Co., 315 Pa. 200. In those cases, suit was brought after the company discontinued payment, plaintiff contending for a continued permanent disability.

Here we have a different situation. Plaintiff in his pleading admits the termination of total disability. We find no controlling authority in the Pennsylvania courts, nor have we been referred to any. In sister jurisdictions we have contradicting opinion, but we consider the weight of authority to accord with the position we have taken, i. e., that an action cannot be sustained upon the policy for disability benefits after what may have appeared to be a total permanent disability has terminated. The insured is required to bring an action while there is a permanent and total disability. Otherwise, we must hold that the word "permanent" may be construed to mean "temporary", which is obviously absurd. Plaintiff relies upon

Clott v. Prudential Insurance Company of America, 114 N. J. L. 18, 175 Atl. 203, in which the insured was allowed to recover benefits though the disability terminated in April 1931 and suit was not instituted until October 1932. The persuasive factor in that case, however, is a clause in the policy which declares that a total disability during a period of 90 consecutive days shall be presumed to be permanent. No such clause appears in the policy in the suit before us. In the case of Mitchell v. Equitable Life Assurance Society, etc., 205 N. C. 721, where the policy declared total disability to be "presumably permanent" when it had existed for three months, a recovery was permitted after the total disability had ended. Again in this case we have no such clause.

It may be noted that a companion case to the one last cited is Mitchell v. Equitable Life Assurance Society, etc., 205 N. C. 726, between the same parties, before the same court, at the same time and with the same counsel, but upon another form of policy, and there a recovery was not permitted because the court held that in one case there was a presumption of total and permanent disability in favor of plaintiff and in the other there was not.

We are of the opinion that the weight of authority definitely establishes a doctrine that, in the absence of words in a contract of insurance expressing a contrary intention, the insurer cannot be held liable in an action for benefits arising out of a claim for total and permanent disability when the action is brought after the total disability has ceased to exist.

"The plaintiff's admission that he had recovered from his disability at the time he presented his claim is therefore fatal to his cause of action": Mackenzie v. Equitable Life Assurance Society, etc., 140 Misc. 655, 251 N. Y. Supp. 528.

"The fact that plaintiff proved a total temporary disability does not entitle him to compensation": Grenon v. Metropolitan Life Ins. Co., 52 R. I. 453, 456.

"Had suit been brought during the time of plaintiff's illness and a finding had upon the presumption and other evidence that his disability was both total and permanent, he would have been entitled to collect benefits under the policy, subject to discontinuance upon his 'recovery from disability'. . . but in the face of plaintiff's own admission that his disability was temporary, no jury could find that it was both total and permanent": Mitchell v. Equitable Life Assurance Society, etc., 205 N. C. 726, 730.

There is another persuasive factor in this case in support of defendant's motion, and that is that in exhibit no. 2, which is a statement made by claimant in his proof of claim to which is attached the attending physician's certificate, we find the following question and answer to the attending physician:

"Q. If totally disabled at the present time, will such disability be permanent?

"A. No."

In the oral testimony taken at the trial of this cause, the attending physician sought to explain his statement by stating that he believed he was totally and permanently disabled as of March 12, 1932, and on cross-examination, when his attention was called to his written certificate, he said that in July 1931 he did not consider that the total disability would be permanent, so that prior to the filing of the suit we have no record of a presumably permanent disability to support the verdict of the jury, which is that proof of claim was made August 28, 1931, as shown by exhibit no. 2, and on exhibit no. 2 appears the statement that the insured was not permanently disabled. Under the oral testimony there is no evidence of permanent disability until March 1932. In these circumstances we are convinced that the trial judge should have granted defendant's motion for binding instructions and that now the motion for judgment n. o. v. must prevail.