Samuel L. Silverstein, Respondent, *v.* Prudential Insurance Company of America, Appellant.

Third Department, March 5, 1936.

*Brackett & Eddy* [*Spencer B. Eddy* of counsel], for the appellant.

*Sidney N. Zipser* [*Thomas W. McDonald* and *Herman B. Zipser* of counsel], for the respondent.

McNamee, J. This is an action upon a policy of insurance for sick benefits payable in the event that the assured became totally and permanently disabled. At the close of plaintiff's case, both parties moved for a directed verdict; thus a question of law arose.

The policy in question provided as follows: " If the insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his lifetime, * * * the Company, upon receipt of due proof of such disability, will * * * pay to the insured the monthly income," etc. The policy also provided that, in addition to the waiver of premiums, " the first monthly payment shall be made immediately

upon receipt by the Company of due proof of such disability and subsequent payments shall be made on the first day of each month thereafter." Another provision was that in case of proof of total and permanent disability, the insured may be examined once a year, after two full years of disability, for the purpose of verifying such disability, and that the assured " shall furnish due proof that he actually continues in the state of disability defined above." And it provides that " in case of failure to furnish such proof, no further premiums shall be waived and no further monthly payments shall be made on account of such disability."

In January, 1929, the plaintiff claimed a waiver of the premiums, and also monthly payments, on the ground that he was totally and permanently disabled within the terms of the policy. It has not been questioned that at that time the plaintiff was suffering from tuberculosis, and that he was totally disabled thereby. In support of his claim the plaintiff filed with the defendant proof of disability, consisting of statements in writing made by himself and two physicians who had attended him. In his own proof, dated January 15, 1929, the plaintiff stated that he was disabled from September 10, 1928, and thereupon answered a question as follows: " Q. If the disability has not ended, when do you expect to be able to engage in some work? A. About one year." In the proof of Dr. Allen, bearing date February 28, 1929, the doctor states that the plaintiff is wholly disabled, confined to his home, and not capable of engaging in any kind of work; and following these statements are questions put to the doctor, and answers made by him: " Q. Is the disability in your opinion of such a nature that the insured will never for the remainder of his lifetime be able to engage in profitable employment of any kind? A. No. Q. Do you expect a recovery that will enable the insured to take up some form of profitable employment? A. Yes. Q. If you do, state approximately when you think the insured will be able to engage in some work. A. About one year." The proof given by Dr. Miller, dated December 19, 1928, stated that the insured is wholly disabled, and has been since September 10, 1928, and then makes answers to questions as follows: " Q. Approximately when do you think the insured will be able to perform some work? A. About one year. * * * Q. Do you consider the insured so disabled that he will for all time be prevented from engaging in any gainful work? A. No." These proofs were rejected, and the company refused to pay on the ground that permanent disability was not established; and at the same time the defendant proposed to the plaintiff that he submit further proofs at a later time in case he should " then feel " that his claim merited further consideration.

The plaintiff continued to pay his premiums, under protest, and further proof was submitted in September, 1929, when, in a statement by Dr. Trudeau, it was shown that the plaintiff was wholly disabled, although he was not disabled for all time. The doctor was not able to approximate the time when the plaintiff could work.

This action is brought to recover the payments which plaintiff claims were payable between January 15, 1929, and September 1, 1929, and to recover the premium payments which plaintiff had made under protest during that time, amounting in the aggregate to $2,545.50. The question presented here is did the plaintiff submit due proof that he was totally and permanently disabled, within the meaning of the policy, during that period.

It is evident that the limitations of the policy as to disability are not to be applied literally, viz., that the assured must prove that he is and will remain totally and continuously disabled, from performing any work for any kind of compensation of financial value during the remainder of his life. In the illness from which men commonly suffer it would be indeed a rare instance when proof of such a fact could be made. It would not be reasonable to presume that the parties intended that the assured should be suffering from a sickness of such a character that under no possibility he could ever recover; because that would call for proof of a fact that ordinarily is not capable of proof. And again, the policy itself looks forward, by its very terms, to future examinations, to recovery, to cessation of benefit payments, and to the resumption of the premium payments. On the other hand, it was clearly not intended that the assured should prove only a total disability of a transient or temporary nature. It is between these extremes that the intention expressed by the policy must be found. It is our view that the proof of disability must be such to justify a deduction (as a matter of law, when a verdict is directed) that the assured will never recover; or, if he recover, that the time of such recovery is far removed into the future, and the end of such disability cannot be foreseen. The proof submitted by the plaintiff prior to September, 1929, showed that he would recover; and that the time within which such recovery could be expected was not unforeseen, but was measured by the term of a year, and this measurement of time was given both by the plaintiff and each of his physicians. We are unable to hold that the plaintiff suffered a permanent disability during the period mentioned when under all the proof submitted the plaintiff did not show or even claim disability for a longer period than one year. (*Ginell* v. *Prudential Ins. Co.*, 205 App. Div. 494; revd., 237 N. Y. 554, on the dissenting opinion of VAN KIRK, J.)

The additional proof submitted on the trial did not aid the defendant. The policy provides that the first monthly payment " shall be made immediately upon receipt by the Company of due proof of such disability and subsequent payments shall be made on the first day of each month thereafter." Under this provision no payments could become due until after due proof has been submitted. And as due proofs were not submitted prior to September 1, 1929, no payments ever became due to the plaintiff before that date.

The judgment should be reversed, and the complaint dismissed, with costs.

HILL, P. J., RHODES, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.