### EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. NIKOLOPULOS. *

### No. 5990.

Circuit Court of Appeals, Third Circuit.

Sept. 22, 1936.

Rehearing Denied Nov. 2, 1936.

Collins & Corbin, of Jersey City, N. J. (Edward A. Markley and Charles W. Broadhurst, both of Jersey City, N. J., of counsel), for appellant.

Lum, Tamblyn & Fairlie, of Newark, N. J. (James Raymond Berry, of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment, entered on a verdict for the plaintiff, for $8,041.50 as payments due to him under the provisions for disability benefits in a policy of life insurance issued to him by the defendant. The defendant contends that the District Court erred in refusing its motion for a directed verdict and in submitting the question of total and permanent disability to the jury.

On November 11, 1927, the defendant issued a policy of life insurance to the plaintiff which provided, among other things, that, if he became totally and permanently disabled before reaching the age of 60, the defendant would waive its right to all premiums on the policy, and pay him $250 per month. The plaintiff is described in the application for this policy as a real estate and confectionery owner. His real estate holdings were a small ten-family apartment house in Brooklyn, N. Y., and a three-story dwelling in which he lived, in Newark, N. J. His chief means of livelihood appears to have been his interest as part owner in two confectionery establishments in Newark. Though the defend-

*Writ of certiorari denied 57 S. Ct. 436, 81 L. Ed. ——.

ant has contended that the plaintiff's work was more in a supervisory capacity, the evidence tends to sustain the plaintiff's statements that he actually engaged in the manual labor of making candy. This work necessitated the lifting of heavy pots and mixing bowls and remaining on his feet for extended periods.

In February, 1929, the plaintiff, not having reached the age of 60, developed osteomyelitis of the tibia of the left leg. This disease kept him in the hospital almost the entire year of 1929, around 3 months in 1931, and about a month in 1933. Several operations were performed. These operations consisted of scraping away portions of the bone in the infected area, with a resultant weakening of the leg. The testimony indicates that even up to the time of trial the disease was not cured and the plaintiff could not remain on his feet for long periods, in fact, hardly at all, without crutches or a cane. Dr. Holden, his physician, testified that he should not place too much weight upon the leg. Even as late as July, 1934, the scar opened and discharged pus and had to be treated.

In Nickolopulos v. Equitable Life Assurance Society, 113 N.J.Law, 450, 174 A. 759, the plaintiff on this same policy recovered disability payments up to and through July, 1932.

In the case at bar the plaintiff says that he was totally disabled from July, 1932, to and through April, 1934, and sued for disability benefits for that period. He contends that he is entitled to recover for that period, even though as a fact he might not have been totally disabled at the time of the trial.

The defendant, on the contrary, contends that the plaintiff had recovered his health prior to bringing the present suit; therefore he was not permanently disabled within the meaning of the provisions of the policy, and consequently cannot recover. This contention is based upon a discussion between the court and counsel for the plaintiff, and the testimony of Dr. Holden, the plaintiff's doctor and witness. The discussion reads as follows:

"The Court: Is the plaintiff in court?

"Mr. Berry: Yes this is the plaintiff.

"The Court: I thought you said he was totally disabled.

"Mr. Berry: Up to April 1934.

"The Court: Oh, he is all right now? Is that it?

"Mr. Berry: He is not all right now, but I don't claim that he is totally disabled now. I am not claiming under the policy for the present period. I think that he has improved enough at the present time to do some little work. We are only claiming up to April 1934."

Dr. Holden testified that in May, 1934, "I felt that it would be safe for him to try to do some work and strengthen the leg."

The pertinent sections of the insurance contract read as follows:

"Disability shall be deemed to be total when it is of such an extent that the Insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months; and, further, the entire and irrecoverable loss of sight of both eyes, or the severance of both hands at or above the wrists, or of both feet at or above the ankles, or of one entire hand and one entire foot, will of themselves be considered as total and permanent disability within the meaning of this provision. * * *

"(III) Recovery from disability.

"The Society shall have the right at any time or times during the first two years after receipt of such proof of disability, but thereafter not more frequently than once a year, to require proof of the continuance of such total disability. If the Insured shall fail to furnish satisfactory proof thereof or if it appears at any time that the Insured has become able to engage in any occupation or perform any work for compensation of financial value, no further premiums will be waived and no further Disability-Annuity payments will be made hereunder on account of such disability."

These identical provisions and others substantially the same have many times been passed upon by the courts. Unfortunately they have not agreed. Courts in the states of Alabama, California, Illinois, Iowa, Louisiana, Michigan, Mississippi, Nebraska, New York, North Carolina, and Rhode Island agree with the contention of the defendant, but the courts in the states of Georgia, Kentucky, Maine, Minnesota, Missouri, New Jersey, North

14

Dakota, Pennsylvania, and Tennessee agree with the contention of the plaintiff.

The District Court under proper instructions submitted the question of whether or not the plaintiff was totally and permanently disabled to the jury, which found for the plaintiff.

Under the law of New York, unless total disability is permanent, recovery cannot be had, Ginell v. Prudential Insurance Company, 205 App.Div. 494, 200 N. Y.S. 261, but under the law of New Jersey recovery may be had for the period of total disability (if for 3 months or more), even though the insured had regained his health before the trial, Clott v. Prudential Insurance Co., 114 N.J.Law, 18, 175 A. 203, affirmed in 115 N.J.Law, 114, 178 A. 747. It is important, therefore, to determine whether the contract of insurance here involved is a New Jersey or New York contract.

 The plaintiff, a citizen of New Jersey, made application for this insurance to the defendant's agent, John Callas, in New Jersey. He also paid all premiums to the agent in New Jersey and had no dealings with any other person connected with the defendant company. The policy contained the provision that it would not go into effect until the first premium was paid during the plaintiff's good health, and this was paid in New Jersey. Under these facts this was a New Jersey contract and the law of that state applies, Northwestern Mut. Life Insurance Co. v. McCue, 223 U.S. 234, 32 S.Ct. 220, 56 L.Ed. 419, 38 L.R.A.(N.S.) 57, unless the fact that the first premium was paid in New Jersey when the application was made, before the policy was approved in New York by the company, changes the rule. We are inclined to think that under the facts of this case it does not. Be that as it may, regardless of what had been said in discussion, the learned trial judge charged the jury as follows: "First you must find on the question of total disability that he was prevented because of his illness from engaging in his usual occupation and from performing any work for which under all the circumstances he is reasonably fitted, and you must find further then that condition existed first for three months, and then that after that there was no change in that condition, and that he did not again become able to perform work for which he was reasonably fitted. That is the best I can do, gentlemen. You had better take an exception to the whole charge."

So the jury, under proper instructions, did apparently find that plaintiff's total disability was permanent.

In any event, federal courts are not bound by the decisions of state courts in matters of general law. Carpenter v. Providence Washington Ins. Co., 16 Pet. (41 U.S.) 495, 10 L.Ed. 1044; Washburn & Moen Mfg. Co. v. Reliance Marine Ins. Co., 179 U.S. 1, 21 S.Ct. 1, 45 L.Ed. 49; Mutual Life Ins. Co. of New York v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398. We are inclined to follow the well-reasoned opinion of the Court of Errors and Appeals of New Jersey in the case of Clott v. Prudential Insurance Company, supra.

The judgment of the District Court is affirmed.