CLIFFORD T. ROGERS, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.*

City Court of New York, Special Term, July 23, 1937.

* Affd., 167 Misc. 248.

*Irving A. Cook,* for the plaintiff.

*Henry C. Frey,* for the defendant.

LIVOTI, J. This case was submitted to the court without a jury on an agreed statement of facts contained in a stipulation and on exhibits offered at the trial. The action was commenced in March, 1937, to recover the benefits for total and permanent disability under a policy issued to plaintiff by the defendant. The claim is based upon the provision in the " Supplementary Contract attached to and made a part of the Life Insurance Policy No. 6241045–A." The relevant portion of the policy reads: " Metropolitan Life Insurance Company in consideration of the application for this contract, * * * and in consideration of Twenty-one dollars, * * * as an additional premium therefor, * * * hereby agrees, that upon receipt by the Company, at its home office in the City of New York, of due proof, on forms which will be furnished by the Company on request, that the insured has, while said policy and this Supplementary Contract are in full force * * * become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, during the continuance of said disability 1. Waive the payment of each premium falling due under said policy; and this Supplementary Contract; and 2. Pay to the insured, * * *, a monthly income of $10.00 for each $1,000.00 of insurance."

In the notice of total and permanent disability on a form furnished by the insured, which was received by it on September 11, 1935, the plaintiff as claimant wrote in the words " Do not know " in answer to the question, " How long do you expect total disability will continue? "

On the same date that the plaintiff's notice of claim was received another form furnished by the defendant and known as a statement of claim for total and permanent disability benefits and attending physician's certificate was also received. A Dr. Milton A. Bridges, in this report as attending physician, made the following answer to the following question: Q. " 12. If wholly disabled at the present time will total disability be permanent or temporary? " A. " Do not know." Three other physicians in their reports answered substantially in the same tenor.

It is contended by the plaintiff that he suffered from acute rheumatic fever and complications which disabled him totally and

permanently. The disability benefits are claimed from April 29, 1935, to August 29, 1936, when he resumed employment. The claim, therefore, is for sixteen months' disability at the rate of $100 per month, and in addition for the return of the premium of $199.90 paid to the defendant on December 28, 1935, under protest. The defendant refuses to pay on the ground that even though there is proof of a total disability there is no proof of a permanent disability. The defendant contends that it insured only against a total disability *that is permanent.* (Italics ours.)

For a separate and distinct defense the defendant sets forth as a bar to the present action, a prior action pending between the same parties for the same cause. This last contention is untenable as the complaint in the prior action, commenced on November 13, 1936, was dismissed by Mr. Justice WIENER " without prejudice to the commencement of another action." This, therefore, was not a final determination on the merits which bars a new action. (Civ. Prac. Act, § 482.)

The burden of establishing the kind of disability contemplated by the contract of insurance is on the plaintiff. I find as a fact that plaintiff has established that he was totally incapacitated. However, on the question of whether plaintiff has established that he was permanently disabled I hold that it was incumbent upon him to adduce affirmative testimony to the effect that the disability, with reasonable certainty, not absolute certainty, would last forever or for an indefinite and undetermined period. It is not sufficient for plaintiff merely to create a doubt as to the permanency of the disability. The best that the plaintiff's physicians say is that they do not know whether the disability would last for a short time or for a period indefinite and undetermined. When the physicians gave as an answer " Do not know " to the inquiry as to whether the disability will be temporary or permanent, it must be concluded that they had no opinion on which they could state with reasonable certainty that the disability would be permanent. There is not so much as an unsupported statement anywhere by any one that the plaintiff's disability was permanent. Dr. Bridges' statement (plaintiff's Exhibit 8) to the effect that the termination of the disability could not be predicted with certainty is the strongest statement that plaintiff has produced. This statement cannot be taken as evidence that the disability is or with reasonable certainty will be permanent.

The clause of the insurance policy applying to this situation requires that upon receipt by the company of due proof that the insured has become totally and permanently disabled it will pay

the benefits.  I find that there is neither a sufficient claim nor proper proof of permanent disability.  The plaintiff has not met the burden imposed upon him of establishing his case.  (*Silverstein* v. *Prudential Ins. Co.*, 246 App. Div. 359; *Ginell* v. *Prudential Ins. Co.*, 205 id. 494; revd., 237 N. Y. 554, on the dissenting opinion of VAN KIRK, J.)

I, therefore, find judgment on the merits in favor of the defendant.