JAMES W. FINNESSEY, Respondent, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

Third Department, May 1, 1940.

*John H. Barker*, for the appellant.
*John R. Cummins*, for the respondent.

SCHENCK, J. This is an appeal from an order of the Special Term entered in Essex county, denying the defendant's motion for summary judgment in its favor.

The action was brought to recover the sum of $150, the amount of premiums upon a policy of life insurance issued by the defendant, the plaintiff alleging that the payment of such premiums was waived by reason of the disability provision in a supplementary agreement forming part of the life insurance contract, together with the sum of $440, representing claimed disability benefits.

It is conceded that the only questions to be here determined are those which arise under the terms of the supplementary or disability contract, which is headed by caption printed in black face type, which reads:

" Supplementary Provision — Benefit for Total and Permanent Disability Prior to the Policy Anniversary Nearest the Sixtieth Birthday of the Insured.

" Waiver of Premiums and Monthly Income." Followed by a statement that this contract is issued by defendant and made part of a policy issued to plaintiff.

It is provided that if " due proof shall be presented at the Home Office of the Company that the Insured has * * * become totally disabled as the result of bodily injury or disease so as to be wholly prevented thereby from engaging in any occupation or employment for wage or profit, and that such disability has already continued uninterruptedly for a period of at least four months (such disability of such duration being deemed to be permanent only for the purpose of determining commencement of liability hereunder) the Company, during the continuance of such disability, will

" 1. Waive the payment of further premiums * * *.

" 2. Pay to the Insured * * * for each completed month beginning with the fourth month from the commencement of disability and throughout its continuance, a sum equal to one per cent of the face amount of the policy; in no case shall any such payments be made for the first three months of disability, nor for any fractional part of a month of disability."

The contract also contains a provision as follows: " Independently of all other causes the Company will consider as permanent total disability, the entire and irrecoverable loss of the sight of both eyes, or of the use of both hands or of both feet, or of one hand and one foot."

The annual premium for the life policy is $142.68, while the premium for the disability feature contained in the supplementary provision is $17.88. It is the contention of the defendant that the

supplementary provision provides for payment of benefits only in the event of total and permanent disability. Plaintiff, on the other hand, contends that under the terms of the supplementary contract, upon proof of total disability continuing for a period of four months, a liability is created on the part of defendant to pay disability benefits during the continuance of such total disability, whether the same be permanent or not, and, as well, a waiver of premiums.

The learned justice at the Special Term denied the defendant's motion for summary judgment on two grounds: *First*, that under the terms of the policy plaintiff is entitled to the payment of monthly benefits if he was totally disabled for a period of four months, irrespective of whether or not the disability was permanent and regardless of the answers made by the plaintiff and his attending physician in the proof of claims submitted by plaintiff, as in such proof of claims there was no clear and definite evidence that plaintiff's disability was, in fact, but temporary; *second*, that if he erred in construing the provisions of the policy he felt that plaintiff is entitled to his day in court to present and develop his evidence as to just what his physical condition was during the period that his total disability existed.

We may readily dispose of the second reason advanced by the learned justice for, if he erred in construing the provisions of the policy, plaintiff is not entitled to his day in court for the reason that he would then have no cause of action under his pleadings. It is undisputed that plaintiff did resume his former occupation as a steam-shovel operator on April 30, 1938, and that his injuries, which occurred on May 29, 1937, were not permanent.

The words " total and permanent disability " cannot be construed to mean temporary disability. The plaintiff filed a disability benefit claim which was accompanied by a statement of his attending physician. In this disability benefit claim, in answer to one of the questions on the form furnished by the company as to whether or not he was totally disabled so that he would be permanently prevented from the pursuit of mental or manual labor for compensation, the plaintiff answered, " Undetermined." Plaintiff's physician, in answer to the question whether he believed the disability would be permanent, answered " No."

It seems to me that this case comes squarely under the decision of *Ginell* v. *Prudential Insurance Co.* (205 App. Div. 495; revd., 237 N. Y. 554, solely upon the dissenting opinion of Mr. Justice VAN KIRK). That action was brought by the insured on a policy which contained a provision that, if the insured suffered permanent and total disability, the premiums would be waived and monthly

payments made at the expiration of the first six months after the company received notice of such disability. In his dissenting opinion Mr. Justice VAN KIRK says (at p. 496):

" The provision that the benefits should be realized during the continuance of the total disability only does not indicate to me that the parties contemplated that the word ' permanent ' was a synonym of ' temporary,' in light of the, to me, significant fact that the benefits are to be realized upon proof of total disability being furnished rather than upon actual total disability.

" * * * If the word ' permanent ' in the policy has any natural meaning at all, there was no proof furnished of a total permanent disability. Each doctor said plaintiff would recover, and one of the physicians named the time about one year with accuracy; the other named a longer period than was required for recovery. One physician said plaintiff was not suffering from a total permanent disability; the other said he was, but stated the time within which he would probably recover. How can this evidence be held to furnish proof of total permanent disability, without which proof the benefits are not to be enjoyed?"

In the instant case there is no proof of permanent total disability. To the contrary, plaintiff's physician swore that he did not believe that the disability would be permanent. While " permanent " does not necessarily mean forever or during the lifetime of the insured, it does not mean " temporary." It is not necessary that the insured must prove that he is and will remain totally and continuously disabled for the remainder of his life, but the proof must be such as to justify a deduction as a matter of law " that the assured will never recover; or, if he recover, that the time of such recovery is far removed into the future, and the end of such disability cannot be foreseen." (*Silverstein* v. *Prudential Ins. Co. of America*, 246 App. Div. 359.)

The question here is solely one of law and no triable issues are presented. On the pleadings and motion papers defendant was entitled to summary judgment.

The order appealed from should be reversed and defendant's motion granted.

HILL, P. J., HEFFERNAN and FOSTER, JJ., concur; BLISS, J., dissents, with an opinion.

BLISS, J. (dissenting). This policy contained a supplementary provision, the heading of which read in part: " Benefit for Total and Permanent Disability." It then provided if proof should be presented to the company that the insured had become " totally disabled as the result of bodily injury or disease so as to be wholly

prevented thereby from engaging in any occupation or employment for wage or profit," certain benefits would accrue to him, one of which was the waiver of the payment of premiums due after the commencement of such disability. Another was certain monthly payments beginning with the fourth month from the commencement of disability and running throughout its continuance. There was a further provision that loss of sight of both eyes, the use of both hands or both feet or one hand and one foot should be considered as permanent total disability.

These terms of the contract are subject to two constructions. The first is that the benefits were to be had only in case of total disability alone. The most important provision is to the effect that if the insured should present due proof that he had become " totally disabled," then these benefits would be his. That is the reading of the paragraph which makes the provision for the payment of the benefits. It is to be noted that this paragraph does not say that the benefits would accrue if insured should present proof that he had become *totally and permanently* disabled. The ordinary policyholder reading this provision of the policy might well understand that total disability alone was all that was required to entitle him to the benefits under the supplementary provision. Further justification for this construction is found under the second subdivision relating to the benefits which states that the monthly payments were to continue only throughout the disability, thus implying and clearly recognizing the possibility of the cessation of the disability and its lack of permanence.

Under these circumstances we must place upon this policy the construction which is more favorable to the insured. It may well be that the company intended to provide these benefits only in case of the production of proof that the insured had become totally and permanently disabled, but it surely did not so state in the policy. It there agreed that the benefits should accrue upon proof that he had " become totally disabled."

*Ginell* v. *Prudential Insurance Co.* (205 App. Div. 494; revd., 237 N. Y. 554) is not in point because the policy there provided that the benefits should accrue in case of the production of proof by the insured that he had become " permanently disabled " and rendered " wholly and permanently unable to engage in any occupation." That language is quite different from the " totally disabled " provision in this policy.

Order appealed from reversed on the law, with ten dollars costs and disbursements, and defendant's motion granted, with ten dollars costs,