26 N.J. Super. 61 (1953)
97 A.2d 427
EMIL H. GROTEFEND, PLAINTIFF-RESPONDENT,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, AN INSURANCE CORPORATION OF MASSACHUSETTS. AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1953.
Decided May 29, 1953.
*62 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Charles M. James argued the cause for the plaintiff-respondent (Messrs. Smith, James & Mathias, attorneys).
Mr. John P. Nugent argued the cause for the defendant-appellant (Messrs. Nugent & Rollenhagen, attorneys).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
In this appeal, the determinative question is whether the plaintiff is entitled to the payment of disability benefits under four policies issued by the defendant company (hereinafter referred to as the "insurance company"), upon his life.
The facts are not in dispute. The plaintiff was totally disabled as a result of an eye infection and operation, during the months of October, November, December, 1948, and January 1949. On February 5, 1949 he returned to work and resumed his employment. Thereafter, under date of May 31, 1949, he filed his claim for disability benefits and, upon denial of his claim, instituted suit in the Bergen County District Court for recovery thereof. Judgment was entered in favor of the plaintiff in the amount of $800, for the claimed period, from which judgment the insurance company appeals.
*63 The supplementary contract endorsed upon the policies is entitled "SUPPLEMENTARY CONTRACT  PROVISION FOR BENEFIT IN THE EVENT OF TOTAL AND PERMANENT DISABILITY PRIOR TO THE ANNIVERSARY OF THE POLICY NEAREST THE SIXTY-FIFTH BIRTHDAY OF THE INSURED WAIVER OF PREMIUMS AND LIFE INCOME TO INSURED," the pertinent provisions of which read as follows:
"If, after the payment of the initial premium under this contract and under the policy, and before default in the payment of any subsequent premium, and during the continuance of the policy in full force, due proof shall be presented during the lifetime of the Insured that prior to the anniversary of the policy nearest his sixty-fifth birthday the Insured:
A. Has become totally and permanently disabled either physically or mentally so as to be continuously and wholly prevented for life, from engaging in any occupation or employment for wage or profit, or
B. In the absence of conclusive proof of permanency of disability, if due proof as aforesaid, shall be presented that the Insured has been totally disabled by bodily injuries or disease, and has been thereby prevented from engaging in any occupation or employment for wage or profit for a period of not less than ninety consecutive days,
the Company will grant the following benefits:
1. Waive the payment of further premiums due after the commencement of such disability, and
2. Pay to the Insured, or to the beneficiary if disability results from insanity, with the written consent of the assignee, if any, for each completed month from the commencement of disability and throughout its continuance, a sum equal to one per centum of the face amount of the policy exclusive of any policy additions."
The function of the court is not to make contracts, but to enforce them and to give effect to the intention of the parties. Corn Exchange Nat. Bank & Trust Co., Phila, v. Taubel, 113 N.J.L. 605, 608 (E. & A. 1934); Basic Iron Ore Co. v. Dahlke, 103 N.J.L. 635, 638 (E. & A. 1927); Steelman v. Camden Trust Co., 22 N.J. Misc. 384, 386 (Sup. Ct. 1944); Verhagen v. Platt, 1 N.J. 85, 88 (1948). The generally accepted rule of construction is that where in written instruments the words or other manifestations of intent bear more than one reasonable meaning, they are interpreted more strongly against the party from whom they *64 originated, unless their use by him is prescribed by law. Vailsburg Motor Corp. v. Fidelity & Casualty Co., 110 N.J.L. 209 (E. & A. 1933); Rockmiss v. N.J. Mfrs., &c., Co., 112 N.J.L. 136 (E. & A. 1934); Clott v. Prudential Ins. Co. of America, 114 N.J.L. 18 (Sup. Ct. 1934), affirmed 115 N.J.L. 114 (E. & A. 1935); Moscowitz v. Middlesex Borough Bldg. & Loan Ass'n., 14 N.J. Super. 515 (Law Div. 1951); Schneider v. New Amsterdam Cas. Co., 22 N.J. Super. 238 (App. Div. 1952).
The defendant contends that the presentation of due proof of total and permanent disability was a condition precedent to plaintiff's right to make claim to benefits, and it relies upon the following cases: Dikowski v. Metropolitan Life Ins. Co., 128 N.J.L. 124 (E. & A. 1942); Lehrhoff v. Continental Casualty Ins. Co., 101 N.J.L. 375 (E. & A. 1925); Whittle v. Associated Indemnity Corp., 130 N.J.L. 576 (E. & A. 1943) and Farmers Trust Co. v. Reliance Life Ins. Co., 140 Pa. Super. 115, 13 A.2d 111 (Pa. Super. 1940). We have examined the cited cases and find that they are not analogous in that recovery was denied on the basis of an absence of proof of disability, or death, for which benefits were payable. In the matter sub judice total disability during the period alleged was conceded. Nor is the case of Goldman v. New York Life Ins. Co., 115 N.J. Eq. 535 (Ch. 1934), cited by defendant, analogous, recovery being denied upon a finding of absence of proof of disability until after a reinstatement of the policy had been effected by fraudulent representations of good health of the insured.
The insurance company contends that its obligation to waive premiums and pay benefits was conditioned upon presentation of due proof of total and permanent disability as a condition precedent to plaintiff's right of claim, and that under the inclusion of provision "B," of the supplementary contract, it was not obligated to pay benefits on proof of temporary disability. The insurance company bases this contention on the fact that, while conceding the plaintiff's total disability for the claimed period, there was a lapse of almost four months after his return to work before he filed *65 his claim, and that the attending physician certified that the cause of disability at that time did not prevent plaintiff's return to work and that he did not believe plaintiff's disability was permanent.
Thus it will be seen that the construction of the words "permanent disability" in the policy is of great importance in determining the question under review. The meaning to be ascribed to the term "permanent disability" has, in matters similar to that under review, been held to be not the strict lexicographical significance, i.e., a disability lasting until death, but to be more dependent upon the context and the apparent purpose of the provision employing the term. To hold to the strict definition that no liability arose under the insurance contract until it became absolutely certain that the insured's incapacity would continue until his death, would, in most cases, convert the insurance contract into a life insurance policy and defeat the very purpose of the disability insurance benefits which are designed to help sustain the insured during the period of his total incapacity. Clott v. Prudential Ins. Co. of America, supra; Penn Mutual Life Ins. Co. v. Milton, 160 Ga. 168, 127 S.E. 140, 40 A.L.R. 1386; Bahneman v. Prudential Ins. Co., 193 Minn. 26, 257 N.W. 514, 97 A.L.R. 126, 132. Where, in the given case, it may appear that there is every indication of total disability and there is medical prognosis as to its permanency, it is a matter of common knowledge that such a prognosis cannot be made with absolute certainty and that occasionally total disability, indicated at a given time as being permanent, in the course of time and through the assistance of nature aided by improved medical science and technique, terminates so that the individual is entirely cured or it becomes partial only. Metropolitan Life Ins. Co. v. Frisch, 116 Ind. App. 657, 65 N.E.2d 852, 66 N.E.2d 768 (Ind. App. Ct. 1946).
In reviewing the reported cases construing insurance contracts with disability coverage, we are of the opinion that the case of Clott v. Prudential Ins. Co. of America, supra, is analogous and controlling. In that case the court was called upon to construe a similar provision in an insurance *66 contract where, as here, the proofs established that the total disability terminated prior to the insured's action for benefits and the insurance company contended that the disability must be present when the claim is made. Mr. Justice Heher, speaking for the court, held that
"If the construction suggested by appellant were adopted, the insured would have, at the expiration of the contract period, merely an apparent right to benefits which would be defeated by proofs of a complete recovery at some subsequent time. In other words, there would be, as to the whole period of disability, a mere rebuttable presumption of permanency. But this is clearly not the sense of the words used. The right to benefits would, in that event, be a mere defensible one"
and further that
"Apparent permanent disability, inferred from a state of continuous total disability for the time prescribed, furnishes the basis of liability for such benefits. * * * Continuous total disability for this period confers upon the insured the absolute and indefensible right to benefits from the beginning of the period until such period of total disability shall have ended."
The court also employed the following significant and pertinent language:
"It is clear that, in the absence of `due proof of total and permanent disability,' proof of continuous total disablement, for a period of ninety consecutive days, suffices to entitle the insured to disability benefits from the commencement of that period. That is the equivalent, during the period of continuous total disability, of permanency within the intendment of the policy provisions. Continuous total disability for the designated period raises the presumption of permanency, within the meaning of the clause granting disability benefits, and, upon receipt of proof thereof, the insurer becomes obligated to make payment of the stipulated benefits until this state of continuous total disability shall have terminated. * * *"
The insurance company argues that the permanency of any total disability would or would not be established through the presence or absence in the filed proofs of probability, medically established, of the continued disability, for life, and that the presented proofs were completely devoid of any *67 established medical probability but, on the contrary, the medical proof conclusively established that the plaintiff's disability was only temporary. The insurance company, in support of this contention, relies upon the cases of Gusaeff v. John Hancock Mutual Life Ins. Co., 118 N.J.L. 364 (Sup. Ct. 1937); Finnessey v. John Hancock Mutual Life Ins. Co., 259 App. Div. 360, 19 N.Y.S.2d 557 (App. Div. 1940); and Ginell v. Prudential Ins. Co. of America, 205 App. Div. 494, 200 N.Y.S. 261 (App. Div. 1923), reversed in 237 N.Y. 554, 143 N.E. 740 (Ct. App. 1923). However, an examination of these cases indicate that the policies therein construed did not contain the alternative provision present in the policies under review here. In fact, in the Gusaeff case, the court pointed out the difference between that case and the Clott case, stating that: "* * * Nor does the policy in suit contain, as in Clott v. Prudential Insurance Co., supra, a provision that continuous total disability for a given period raises a presumption of permanency entitling the insured to disability benefits until the termination of such incapacity."
We are of the opinion that the insurance company undertook in its own policies to define the meaning of the word "permanent," to wit, that for the purpose of the policies, total disability which continued for a period of 90 days was considered by the Company to be permanent, entitling the insured to the benefits under the policy.
"* * * The object of this clause was to make immediately available to the insured, after the expiration of the prescribed period of total continuous disability, monthly benefits during the period of seeming permanent disability. The sole determinative of this condition is total disability during the mentioned period. The right to benefits, by the express provision of the policy, becomes fixed and absolute at the termination of that period. * * *" Clott v. Prudential Ins. Co. of America, supra.
Judgment affirmed.